UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　Plaintiff,<br><br>v.<br><br>CHARLES GROVER,<br><br>　Defendant. | Case No. 15-20151<br>Honorable Laurie J. Michelson |

**ORDER DENYING MOTION REQUESTING JUDICIAL RECOMMENDATION
CONCERNING LENGTH OF RESIDENTIAL REENTRY CENTER PLACEMENT
PURSUANT TO SECOND CHANCE ACT OF 2007 [41]**

Defendant Charles Grover was charged in a one-count superseding information with being a felon in possession of a stolen firearm. (ECF No. 19.) He pled guilty pursuant to a Rule 11 plea agreement. (ECF No. 23.) The Court ultimately declined to accept the plea agreement, but Grover maintained his guilty plea. On August 6, 2015, he was sentenced to 102 months imprisonment and two years of supervised release. (ECF No. 31.)

Grover now asks the Court to recommend to the Bureau of Prisons that he spend the final 12 months of his sentence in a Residential Reentry Center so that he can better integrate into the community. (ECF No. 41, PageID.156-157.) Grover advises that since his incarceration he has "been a role-model inmate," has "demonstrated exemplary behavior and [has] completed numerous ameliorating classes for re-entry," works "very hard at [his] institutional job," and has had "no disciplinary issues whatsoever." (ECF No. 41, PageID.157.)

The Bureau of Prisons is responsible for "designat[ing] the place of the prisoner's imprisonment" and "may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable." 18 U.S.C. §3621(b). In deciding such placement, the

BOP considers a number of factors, including any statement by the sentencing court "recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). But "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

The BOP also makes prelease custody determinations. More specifically,

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1); s*ee also* 18 U.S.C. § 3624(c)(6) (directing the BOP to issue regulations ensuring that placement in a community correctional facility is conducted in a manner consistent with § 3621(b)); 28 C.F.R. § 570.22 ("Inmates will be considered for prerelease community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.").

The Court commends Grover on his progress while in prison and his goals upon release. And the Court also recognizes that "[c]ourts consider an inmate's activity and behavior during their prison sentences when determining the propriety of an RRC placement recommendation to the Bureau of Prisons, including the Defendant's record of participation in various classes and programs." *United States v. Hall*, No. 17-20331, 2019 U.S. Dist. LEXIS 124070, at *3 (E.D. Mich. July 25, 2019) (citing cases). But at this point in Grover's sentence, the BOP has the most complete and accurate information regarding the relevant statutory factors to make an individual

determination regarding Grover's placement in an RRC for the final period of his incarceration. And they might very well make the decision Grover is seeking. At this time, the Court does not see any benefit in making a recommendation that might influence the BOP when it has less relevant information than the BOP. *See Yuker v. United States,* No. 13-20599, 2019 U.S. Dist. LEXIS 52638, at *4 (E.D. Mich. Mar. 28, 2019); *United States v. George*, No. 14-20119, 2018 U.S. Dist. LEXIS 78877, at *7 (E.D. Mich. May 10, 2018); *Carter v. United States*, No. 17-C-1325, 2018 U.S. Dist. LEXIS 87310, at *7 (E.D. Wisc. May 24, 2018).

Thus, Charles Grover's request for a judicial recommendation regarding RRC placement is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  September 26, 2019

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 26, 2019.

s/Erica Karhoff
Case Manager to
Honorable Laurie J. Michelson